UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| THE ESTATE OF TRISTAN TRAY MADDEN, by and through Administratrix, SHANNA MADDEN,<br><br>       *Plaintiff*,<br>v.<br><br>JETTA OPERATING APPALACHIA, LLC<br><br>       *Defendants* | Case No. 6:23-cv-0029-REW-HAI<br>*Electronically Filed* |

### JOINT REPORT OF THE PARTIES' FEDERAL RULE 26(f) PLANNING MEETING

The Defendant, Jetta Operating Appalachia, LLC ("Jetta) and the Plaintiff, the Estate of Tristan Tray Madden, by and through Administratrix Shanna Madden ("Plaintiff") (collectively, the "Parties"), state as follow for their Joint Report of the Parties Federal Rule 26(f) Planning Meeting:

    1.    PENDING MOTION TO DISMISS. Following the Court's March 25, 2024 Opinion and Order Dismissing Defendant John Holliday as fraudulently joined, Jetta filed a Motion to Dismiss Plaintiff's remaining claims under Rule 12(b)(6) for failure to state a claim. Plaintiff filed her response in opposition to Jetta's Motion on April 19, 2024. Jetta's Reply is due on May 3, 2024 and briefing on the Motion should accordingly be completed by that date.

In joining this status report, Jetta does not in any way concede or waive any arguments advanced in its Motion to Dismiss. To the contrary, Jetta maintains that Plaintiff does not state a claim to which relief can be granted and her Complaint should be dismissed with prejudice. Jetta's intent is to comply with the Court's order and to provide a proposed scheduling order that allows

time for consideration of Jetta's Motion while allowing the action to proceed in a timely fashion in the event Jetta's Motion is denied.

    2.    CONFERENCE CALL. Pursuant to Rule 26(f), a telephonic meeting was held on April 12, 2024 and was attended by:

        a.    Mickey T. Webster for Jetta

        b.    Ned Pillersdorf and CV Reynolds for Plaintiff.

    3.    INITIAL DISCLOSURES. The parties will exchange initial disclosures as required by Federal Rule 26(a)(1) by May 27, 2024.

    4.    DISCOVERY PLAN. The parties propose the following discovery plan:

        a.    *Discovery will be needed on these subjects:* Without waiving any of Jetta's rights or arguments reflected in its Motion to Dismiss, in the event Jetta's Motion does not result in the dismissal of all of Plaintiff's claims, discovery will be needed on the matters relevant to the claims and defenses of the parties alleged in the Complaint and any subsequently filed Answer.

        b.    *Disclosure or discovery of electronically stored information should be handled as follows:* The parties do not anticipate any issues with the discovery of electronically stored information ("ESI"). The parties have agreed to produce any ESI in hard copy or PDF for or the requesting party may specify the form or forms in which ESI is to be produced under Fed. R. Civ. P. 34(b)(1)(c). Once the parties have had the opportunity to review such documents, the parties agree, if necessary, to confer among themselves regarding any additional exchange or production that the parties believe is necessary.

c. *The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production as follows:* The parties have agreed to defer to Fed. R. Evid. 502 and the Court's interpretation of said Rule regarding claims of privilege or of production as trial-preparation material asserted after production.

d. *Date to commence fact discovery:* May 27, 2024

e. *Date to conclude fact discovery:* December 13, 2024

f. *Maximum number of interrogatories, along with the dates responses are due:* The parties agree to comply with the Federal Rules and, if any extensions are needed, they agree to work with each other to come to a resolution and seek Court assistance only if necessary.

g. *Maximum number of requests for admission, along with the dates responses are due:* The parties agree to comply with the Federal Rules and, if any extensions are needed, they agree to work with each other to come to a resolution and seek Court assistance only if necessary.

h. *Depositions:* All depositions will be taken in accordance with Fed. R. Civ. P. 30(a) and will be limited to a maximum of seven hours consistent with the Federal Rules. These limitations may be extended with consent of the parties.

i. *Expert Discovery*. Plaintiff will disclose and exchange her expert report(s) no later than January 17, 2025. Jetta will disclose and exchange its expert report(s) no later than February 14, 2025. All expert discovery shall conclude no later than April 18, 2025.

j.  *Dates for supplementation under Rule 26(e):* The parties agree to supplement as required by the Federal Rules and any orders of the Court.

5.  OTHER ITEMS:

a.  *A date if the parties ask to meet with the court before a scheduling order:* The parties do not believe a scheduling conference is necessary, but will be happy to attend one should the Court find it helpful to do so.

b.  *Requested dates for pretrial conference:* 60 days before trial.

c.  *Final dates for Plaintiff to amend pleadings and join parties:* August 2, 2024

d.  *Final dates for Jetta to amend pleadings and join parties*: September 6, 2024.

e.  *Final dates to file dispositive motions:* May 30, 2025

f.  *State the prospects for settlement:* The parties are amenable to discussing mediation and settlement at the appropriate time.

g.  *Identify any alternative dispute resolution procedure that may enhance settlement prospects:* The parties believe private mediation could be helpful and the appropriate time.

h.  *Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit list:* 45 days prior to pretrial conference.

i.  *Final dates to file objections under Rule 26(a)(3)*: 30 days prior to pretrial conference.

j.  *Suggested trial date:* The parties generally may be ready for trial any time after June 2025. The parties estimate a trial in this case would take approximately three days.

k.  *Magistrate Judge:* The parties do not consent to the jurisdiction of the Magistrate Judge at this time.

                                  Respectfully submitted,

| | |
|---|---|
| */s/ C.V. Reynolds* | */s/ Thomas E. Travis* |
| C.V. Reynolds | Mickey T. Webster |
| C.V. REYNOLDS LAW OFFICES, P.S.C. | mwebster@wyattfirm.com |
| 112 West Court Street, Suite 100 | Karen J. Greenwell |
| Prestonsburg, Kentucky 41653 | kgreenwell@wyattfirm.com |
| *Counsel for Plaintiff* | Thomas E. Travis |
| | ttravis@wyattfirm.com |
| and | WYATT, TARRANT & COMBS, LLP |
| | 250 West Main Street, Suite 1600 |
| Ned Pillersdorf | Lexington, Kentucky 40507 |
| Janet Stumbo | 859.233.2012 |
| Pillersdorf Law Offices | *Counsel for Defendants* |
| 124 West Court Street | |
| *Counsel for Plaintiff* | |

101543312.1